**Opinion issued July 14, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00009-CV

———————————

**JONATHAN EARL CLARK, Appellant**

**V.**

**DWANE MARY WILSON, Appellee**

---

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2024-61994**

---

## MEMORANDUM OPINION

Appellee Dwane Mary Wilson sued the City of Houston and Appellant Jonathan Earl Clark, alleging Clark was acting within the course and scope of his employment with the City when he crashed a City firetruck into Wilson. Clark—and not the City—filed a Rule 91a motion to dismiss pursuant to sections 101.106(a) and (e), which provide:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

. . .

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE § 101.106(e). The trial court denied Clark's motion, and he filed this interlocutory appeal. *See id.* § 51.014(a)(5).

Clark argues the trial court erred by denying his Rule 91a motion to dismiss. But as we have recently held, Clark is not entitled to Rule 91a dismissal under section 101.106(a) because he was sued in his official capacity, not his individual capacity, nor under section 101.106(e) because he filed the motion to dismiss, not the City. *See Hsu v. Hernandez*, No. 01-24-00948-CV, 2025 WL 3236294, at *4–5 (Tex. App.—Houston [1st Dist.] Nov. 20, 2025, no pet.) (mem. op.) (reviewing the issue de novo); *City of Houston v. Tran*, No. 01-24-00235-CV, 2025 WL 309723, at *4–5 (Tex. App.—Houston [1st Dist.] Jan. 28, 2025, pet. denied) (mem. op.).

We overrule Clark's appellate issue and affirm the trial court's denial.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.